IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL S. EDMONDSON,

  Plaintiff,

 v.

THRIFTY PAYLESS, INC., a foreign
Corporation dba RITE AID,

  Defendant;

MICHAEL S. EDMONDSON,

  Plaintiff,

 v.

EDWARD P. FITCH, ATTORNEY,

  Defendant;

THRIFTY PAYLESS, INC., a foreign
Corporation dba RITE AID,

  Third-Party Plaintiff,

 v.

LISA D. EDMONDSON, and REDMOND
PHARMACY, LLC, an Oregon Limited
Liability Company,

  Third-Party Defendants.

Case. No. 6:17-cv-1090-MC

OPINION AND ORDER

1—Opinion and Order

Plaintiff Michael S. Edmondson brings this action for breach of contract, fraudulent misrepresentation, and negligent misrepresentation against Thrifty Payless, Inc., dba Rite Aid. Rite Aid moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Edmondson's fraudulent and negligent misrepresentation claims. The Court scheduled oral argument by telephone on the motion and mailed instructions to Edmondson. Edmondson did not appear.

Under Edmondson's alleged facts, there can be no cognizable claim of fraudulent misrepresentation because: (1) Edmondson was not ignorant of the falsity of Rite Aid's alleged statement; (2) Edmondson could not reasonably rely on Rite Aid's alleged statement; and (3) Edmondson had no right to rely on the truth of Rite Aid's alleged statement. There can be no cognizable claim of negligent misrepresentation because there was no special relationship between Edmondson and Rite Aid; each party acted at arm's length in its own economic best-interests. Rite Aid's motion to dismiss is GRANTED, and Edmondson's fraudulent and negligent misrepresentation claims are dismissed with prejudice.

## BACKGROUND

Michael and Lisa Edmondson owned Redmond Pharmacy & Compounding Center (RPCC), a pharmacy in Redmond, Oregon that they sold to Rite Aid on either October 20 or October 30, 2015.[1] SAC ¶¶ 10, 13. After previous preliminary negotiations between Rite Aid and the Edmondsons did not progress, Rite Aid expressed renewed interest in purchasing RPCC on June 15, 2015. SAC ¶¶ 6-7. The broker provided Rite Aid a self-audit of RPCC "indicating there was a current investigation into RPCC and Plaintiff by the [OBOP]." SAC ¶ 7. On June 26, "Rory Lambert, an employee of Thrifty conducted an in-person audit of RPCC. These discussions included information about the OBOP investigation of the plaintiff." SAC ¶ 8. On

---

[1] Paragraph 10 of Edmondson's Second Amended Complaint (SAC) states that RPCC was sold on October 20, 2015, but paragraph 13 states that the pharmacy was sold on October 30, 2015.

2—Opinion and Order

August 24, 2015, Edmondson completed an application for employment with Rite Aid. SAC ¶ 22. "On this application plaintiff indicated that there was an investigation pending on his professional license." SAC ¶ 22. Michael Edmondson was under investigation by the Oregon Board of Pharmacy (OBOP) throughout the sale and employment negotiations. SAC ¶¶ 7-8, 11-13, 15, 18, 20, 22, 27, 29-30, 33, 38, 48-50, 59, 64.

On September 7, 2015, Rite Aid offered Edmondson a job as a pharmacist. SAC ¶ 23. On October 30, 2015, the Edmondsons and Rite Aid signed the RPCC purchase and sale agreement. SAC ¶ 13. On November 2, 2015, Lambert asked Edmondson to submit to a second background check. On November 16, 2015, Lambert told Edmondson the hire could proceed as Edmondson cleared the background check. SAC ¶ 32. On November 18, 2015, Edmondson's official employment as a pharmacist with Rite Aid began. SAC ¶ 16. Edmondson's employment with Rite Aid did not last long; Right Aid suspended Edmondson without pay on December 17, 2015, after "Lambert claimed that Rite Aid and he had no knowledge of the details of the OBOP investigation." SAC ¶ 18. On December 21, 2015, Rite Aid terminated Edmondson. SAC ¶ 19.

## STANDARD OF REVIEW

To survive a motion to dismiss under rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burget v. Lokelani*

3—Opinion and Order

*Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Edmondson's fraudulent and negligent misrepresentation claims are predicated on Rite Aid's statement to Edmondson that his background was clear. Edmondson argues that he was harmed when he detrimentally relied on the statement that his background was clear. Edmondson claims that Rite Aid's statement induced him to: (1) sell RPCC to Rite Aid without consideration of other possible buyers, and (2) seek employment only with Rite Aid to the exclusion of other possible job opportunities. Because the alleged facts in Edmondson's complaint viewed in the light most favorable to him do not support a fraudulent misrepresentation or negligent misrepresentation claim, Rite Aid's motion to dismiss is granted. I discuss each claim in turn.

**1. Fraudulent Misrepresentation**

Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Rite Aid argues that Edmondson does not allege the particular facts necessary for a fraudulent misrepresentation claim in his Second Amended Complaint. I agree.

Edmondson's pleadings, as a *pro se* litigant, should be construed liberally and given the benefit of the doubt. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court cannot make out of whole cloth the facts necessary to support a claim when they are not pleaded and cannot be inferred from facts pled. *See Gibson v.*

*United States*, 781 F.2d 1334, 1340 (9th Cir. 1986) (quoting *Ivey v. Board of Regents*, 673 F. 2d 266, 268 (9th Cir. 1982) (Explaining that the court "may not supply essential elements of the claim that were not initially pled.'")). Edmondson's admission in his Second Amended Complaint that he was aware that his license was under investigation by the OBOP prior to his hire date with Rite Aid is fatal to his fraudulent misrepresentation claim. SAC ¶ 12.

In Oregon, a claim of fraudulent misrepresentation requires the plaintiff to "plead and prove" nine elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the defendant's knowledge of its falsity or ignorance of its truth; (5) the defendant's intent that the representation should be acted on by the plaintiff and in the manner reasonably contemplated; (6) the plaintiff's ignorance of its falsity; (7) the plaintiff's reliance on its truth; (8) the plaintiff's right to rely on the representation; (9) and the plaintiff's resulting injury.

*Travis v. Knappenberger*, 204 F.R.D. 652, 659 (D. Or. 2001) (quoting *Smallwood v. Fisk*, 934 P.2d 557, 559 (1997)).

Edmondson failed to expressly plead element 6, that he was ignorant of the falsity of Rite Aid's statement that his background was clear before he was hired. This Court cannot infer that Edmondson was ignorant of the falsity of Rite Aid's alleged statement because he admitted in his Second Amended Complaint that he knew that his background was *not* clear. *See, e.g.,* SAC ¶ 12 (describing Edmondson's October 26, 2015 proposed settlement with the OBOP and noting it required Edmondson's pharmacy license be placed on probation and prevented Edmondson from being employed as a pharmacist-in-charge or pharmacy manager). Even if Rite Aid made a knowing misrepresentation to Edmondson that his background was clear when it was not, Edmondson's admitted prior knowledge of the falsity of Rite Aid's alleged statement is fatal to his claim. Reliance requires ignorance of the falsity of a statement. *Briscoe v. Pittman*, 268 Or. 604, 610 (1974) (overruled on other grounds by *Halford v. Simpson*, 276 Or. 107 (1976)).

When a plaintiff admits knowledge of the falsity of a statement, he cannot properly plead reliance on that statement. Edmondson had no right to rely on the truth of a statement regarding the status of his background that he knew to be false.

An "at will" employee in Oregon may be fired for any legal reason, including no reason. *Cocchiara v. Lithia Motors, Inc.*, 353 Or. 282, 290 (2013). However, if an at-will employee accepts a job based upon a *justified* reliance on a representation that the employer, but not the employee, knew to be false, the employee may still have a cognizable fraudulent misrepresentation claim even if he is legally fired. *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1223 (9th Cir. 1999); *see also Knepper v. Brown*, 182 Or. App. 597, 605 (2002). Edmondson's admission that he knew that his background was not clear prevented him from justifiably relying on Rite Aid's alleged representation that his background was clear. Therefore, I GRANT Rite Aid's motion to dismiss Edmondson's fraudulent misrepresentation claim.

**2. Negligent Misrepresentation**

"[I]n Oregon, the tort of negligent misrepresentation requires that one party in a relationship owe a duty 'beyond the common law duty to exercise reasonable care to prevent foreseeable harm' to the other party." *Conway v. Pac. Univ.*, 324 Or. 231, 236 (1996) (quoting *Onita Pac. Corp. v. Trustees of Bronson*, 315 Or. 149, 159 (1992)). This "special relationship" is a necessary requirement to a claim of negligent misrepresentation. *Id.* at 237. The defining feature of such a special relationship is that one party has ceded to another decision-making authority with the expectation that decisions will be made in the best interests of the ceding party. *Smith v. Bank of Am. NA*, No. 3:12-cv-01597-AA, 2013 WL 2659562, at *3 (D. Or. June 4, 2013).

"Under *Onita*, an arm's length, vendor-buyer relationship is not a 'special relationship' for purposes of finding liability in negligence claims." *A.T. Kearney, Inc. v. Int'l Bus. Machines Corp.*, 867 F. Supp. 943, 948 (D. Or. 1994), aff'd, 73 F.3d 238 (9th Cir. 1995). The relationship between Edmondson and Rite Aid was an arm's length, adversarial relationship where each party negotiated in its own economic self-interest. Unlike the attorney-client or doctor-patient relationship where a professional has a duty to look out for the best interests of her client, a seller of real property has no expectation that a buyer will look out for his best interests. *See Conway*, 324 Or. at 239-240 (Special relationships are "those in which the party who owes a duty of care is acting, at least in part, to further the economic interests of the client, the person owed the duty of care.") (internal quotations omitted). Nor does an individual negotiating for a job have a reasonable expectation that his would-be employer will make decisions in his best interests. *Id.* at 243.

Edmondson does not allege that he ceded any decision-making authority to Rite Aid, or that Rite Aid had a duty to make decisions with his best interests in mind. Edmondson and Rite Aid were in an adversarial, arm's length posture as they negotiated the sale of RPCC and Edmondson's employment with Rite Aid. Therefore, there was no special relationship between Edmondson and Rite Aid, and Rite Aid's motion to dismiss Edmondson's claim of negligent misrepresentation is GRANTED.

## **CONCLUSION**

Because the facts alleged by Edmondson viewed in the light most favorable to him cannot support his claims of fraudulent or negligent misrepresentation, Rite Aid's motion to dismiss, ECF No. 46, is GRANTED.

Edmondson admits he knew that his background was not clear. *See, e.g.*, SAC ¶ 12. In fact, Edmondson admits that before Lambert told Edmondson he had a clean background, Edmondson was negotiating a settlement with the OBOP that would, amongst other things, prevent Edmondson from working as a pharmacist-in-charge. This precludes Edmondson from pleading that he was ignorant of the falsity of Rite Aid's alleged statement that his background was clear. Because leave to amend Edmondson's claim for fraudulent misrepresentation would be futile, plaintiff's fraudulent misrepresentation claim is dismissed with prejudice.

Edmondson admits that he was negotiating the sale of RPCC and employment with Rite Aid when Rite Aid allegedly negligently represented that his background was clear. Because Rite Aid did not have a fiduciary duty to Edmondson to make decisions on his behalf, there was no special relationship between Edmondson and Rite Aid. As the complaint clearly alleges the parties negotiated this transaction in an arms-length manner, leave to amend plaintiff's negligent misrepresentation claim would be futile and the claim is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 19th day of September, 2018.

                                                          _____/s/ Michael J. McShane_____
                                                          Michael McShane
                                                       United States District Judge