IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL S. EDMONDSON,

    Plaintiff,

v.

THRIFTY PAYLESS, INC., a foreign
Corporation dba RITE AID,

    Defendant;

MICHAEL S. EDMONDSON,

    Plaintiff,

v.

EDWARD P. FITCH, ATTORNEY,

    Defendant;

THRIFTY PAYLESS, INC., a foreign
Corporation dba RITE AID,

    Third-Party Plaintiff,

v.

LISA D. EDMONDSON, and REDMOND
PHARMACY, LLC, an Oregon Limited
Liability Company,

    Third-Party Defendants.

Case No. 6:17-cv-1090-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff Michael S. Edmondson, proceeding *pro se*, brings this action for negligence against his attorney, Defendant Edward P. Fitch, for Fitch's alleged shortcomings in previously representing Edmondson. Fitch moves for summary judgment (ECF No. 59). Because there are no genuine issues of material fact about Fitch's previous representation of Edmondson, Fitch's summary judgment motion is GRANTED.

## BACKGROUND[1]

Edmondson owned Redmond Pharmacy & Compounding Center, a pharmacy in Redmond, Oregon. In October of 2015, he sold the pharmacy to Rite Aid, remaining at the pharmacy as an employee. Throughout the sale and employment negotiations, the Oregon Board of Pharmacy (OBOP) was investigating Edmondson. Fitch represented Edmondson in both the sale and the OBOP investigation. SAC ¶¶ 37–38. Due to the OBOP investigation, on December 21, 2015, Rite Aid terminated Edmondson. SAC ¶ 19.

Edmondson originally brought breach of contract and fraudulent misrepresentation claims against Rite Aid. Edmondson Decl. ¶¶ 2-3; ECF No. In response to Rite Aid's request for indemnification, Edmondson brought a negligence claim against Fitch. SAC ¶ 40. In the SAC, Edmondson alleges Fitch "assisted plaintiff Michael S. Edmondson in drafting the original complaint against Thrifty Payless Inc." ¶ 39. Edmondson alleges Fitch was negligent in failing to inform him of the "contractual pitfalls" such as his duty to indemnify Rite Aid for damages arising from any breach of representation or warranty, and in failing to ensure Rite Aid continued to employ Edmondson following the sale.

---

[1] I view the facts in the light most favorable to Edmondson, the non-moving party.

2 – OPINION AND ORDER

Fitch moves for summary judgment. In support, Fitch submits a sworn declaration stating he (1) is licensed to practice law in Oregon and (2) "All of the legal services I have provided to plaintiff and the action I have undertaken on behalf of plaintiff in the past have been consistent with the degree of care, skill and diligence which is used by ordinarily careful attorneys in the same or similar circumstances." Fitch Decl. ¶¶ 2, 5; ECF No. 60.

## STANDARD OF REVIEW

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

In *Tiedemann v. Radiation Therapy Consultants*, 299 Or. 238 (1985), a patient sued her doctors for negligence. The defendant doctors were granted summary judgment based on the affidavit of a defendant doctor declaring that the treatment patient received "was consistent with the degree of care, skill and diligence which is used by ordinarily careful physicians . . . in a same [or] similar circumstance." *Id.* at 241. The patient did not counter the expert evidence about

3 – OPINION AND ORDER

defendant doctors' treatment. *Id.* The *Tiedemann* court granted summary judgment because the uncontroverted affidavit factually established the standard of care was met. *Id.* at 245.

The context of Fitch's uncontradicted declaration is identical to the doctor's affidavit in *Tiedemann*. The defendant doctor in *Tiedemann* was qualified to testify on the standard of care in her field. *Id.* at 241-43. Similarly, as an attorney, Fitch is qualified to testify on the standard of care in his field. Fitch's affidavit is admissible evidence that he did not breach the standard of care and skill of attorneys in the same or similar circumstances. Fitch Decl. ¶¶ 2, 5. Therefore, Fitch met his burden at summary judgment to demonstrate there exists no dispute on the standard of care question.

The burden shifts to Edmondson, the non-moving party, to present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87 (quoting Fed. R. Civ. P. 56(e)). Unlike Fitch, Edmondson does not provide an affidavit from anyone, let alone someone qualified to testify on the standard of care for attorneys in the same or similar circumstances. Like the defendant doctor in *Tiedemann*, Fitch's unrefuted expert declaration entitles him to summary judgment.

## CONCLUSION

Defendant's motion for summary judgment (ECF No. 59) is GRANTED.

IT IS SO ORDERED.

DATED this 8th day of March, 2019.

                                                  _/s/ Michael J. McShane_
                                                    Michael J. McShane
                                           United States District Judge